(Reap. Dec. 9621)

Kussi & Feigl, Inc.
Globe Shipping Co., Inc. } v. United States

Entry No. 798023, etc.

(Decided March 4, 1960)

*Barnes, Richardson & Colburn* for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto that the appeals for reappraisement listed in Schedule "A", attached hereto and made a part hereof, are limited to the following items and are abandoned in all other respects:

| | |
|---|---|
| 3981 E | Necklet |
| 3981 EB | Bracelet |
| 7237 E | Necklet |
| 7237 EB | Bracelet |
| 3981 | Necklet |
| 3981 B | Bracelet |
| 7237 | Necklet |
| 7237 B | Bracelet |
| 7223 E | Necklet |
| 7223 EB | Bracelet |
| 7342 E | Necklet |
| 7342 EB | Bracelet |
| 3491 | Bracelet |

IT IS FURTHER STIPULATED AND AGREED that as so limited the issues are the same in all material respects as the issues involved in *Bert Friedberg & Company* v. *United States*, Reappt. Dec. 8590 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED that the prices at the time of exportation of the instant merchandise to the United States, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States were the appraised unit values less 15.35% plus 1.01%.

In the cited case, the court held foreign value, as defined in section 402(c) of the Tariff Act of 1930, to be the proper basis for appraisement of the merchandise there under consideration, and that such statutory value did not include the so-called "French sole or unique tax."

On the agreed facts and following the cited decision on the law, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is statutory foreign value, and hold that such value for the items in question is the appraised unit values, less 15.35 per centum, plus 1.01 per centum.

The appeals for reappraisement are dismissed as to all other merchandise.

Judgment will be rendered accordingly.